UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Hon. Michael E. Farbiarz |
| v. | Civil Action No. 24-5863 |
| **THE CONTENTS OF THE FOLLOWING ACCOUNTS:** | **STIPULATION** |
| **JP MORGAN CHASE ACCOUNT ENDING IN 9483 IN THE NAME OF JAE CHOI ATTORNEY TRUST ACCOUNT;** | |
| **BANK OF AMERICA ACCOUNT ENDING IN 4685 IN THE NAME OF SMART LEARNING, INC.;** | |
| **JP MORGAN CHASE ACCOUNT ENDING IN 0711 IN THE NAME OF HEE AH NAM;** | |
| **TD BANK ACCOUNT ENDING IN 2483 IN THE NAME OF HEE AH NAM;** | |
| **TD BANK ACCOUNT ENDING IN 1237 IN THE NAME OF HEE AH NAM;** | |
| **BANK OF AMERICA ACCOUNT ENDING IN 6030 IN THE NAME OF HEE AH NAM;** | |

1

**BANK OF AMERICA ACCOUNT ENDING IN 6043 IN THE NAME OF HEE AH NAM;**

**JP MORGAN CHASE ACCOUNT ENDING IN 9900 IN THE NAME OF HUDSON ASSET HOLDING CORP;**

**JP MORGAN CHASE ACCOUNT ENDING IN 4413 IN THE NAME OF HUDSON ASSET HOLDING CORP;**

**JP MORGAN CHASE ACCOUNT ENDING IN 0353 IN THE NAME OF VIRTUA EDUCATION, INC.;**

**JP MORGAN CHASE ACCOUNT ENDING IN 4827 IN THE NAME OF VIRTUA EDUCATION, INC.; AND**

**TD AMERITRADE ACCOUNT ENDING IN 2857 IN THE NAME OF HEE AH NAM; AND**

**THE REAL PROPERTY LOCATED AT 125 13TH STREET, CRESSKILL, NEW JERSEY,**

*Defendants in rem.*

- - - - - - - - - - - - - - - - - - - - - - -x

Plaintiff, the United States of America (the "United States"), by and through its undersigned attorney, Vikas Khanna, Acting United States Attorney for the District of New Jersey (Assistant United States Attorney Peter A. Laserna, appearing), and claimant Hee Ah Nam (the "Claimant"), individually and through

2

her undersigned attorney (the United States and Claimant collectively referred to as the "Parties"), hereby stipulate and agree as follows:

1. The Parties agree that the Court has jurisdiction over the Parties, the defendants *in rem*, and the subject matter of this Stipulation.

2. On May 6, 2024, the United States filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint"), seeking civil forfeiture of the above-captioned 13 defendants *in rem* (collectively, the "Defendant Properties"). See Complaint, ECF No. 1.

3. On or about July 24, 2024, and on or about July 25, 2024, Claimant filed a Claim and Petition of Hee Ah Nam, in accordance with Rule G of Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. See ECF Nos. 7 and 8; see also 07/25/2024 Clerk's Quality Control Message (rejecting Claimant's July 24 filing because Claimant improperly signed the pleading electronically). The July 24 and July 25 filings are hereinafter collectively referred to as the "Verified Claim."

4. In the Verified Claim, Claimant asserted an interest in the following Defendant Properties:

   a. The Real Property Located at 125 13th Street, Cresskill, New Jersey (the "Cresskill Property");

   b. The contents of an account at TD Bank ending in 2483 in the name of Hee Ah Nam;

   c. The contents of an account at TD Bank ending in 1237 in the name of Hee Ah Nam ("Hee Ah Nam TD Acct 1237");

    d. The contents of an account at Bank of America ending in 6030 in the name of Hee Ah Nam;

    e. The contents of an account at Bank of America ending in 6043 in the name of Hee Ah Nam;

    f. The contents of an account at JP Morgan Chase ending in 9900 in the name of Hudson Asset Holding Corp;

    g. The contents of an account at JP Morgan Chase ending in 4413 in the name of Hudson Asset Holding Corp; and

    h. The contents of an account at TD Ameritrade ending in 2857 in the name of Hee Ah Nam.

5. On or about August 14, 2024, and August 15, 2024, Claimant filed an Answer and Defenses of Claimant Hee Ah Nam, in accordance with Rule G of Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. See ECF Nos. 9 and 10; see also 08/15/2024 Clerk's Quality Control Message (rejecting Claimant's August 14 filing because Claimant improperly signed the pleading electronically). The August 14 and August 15 filings are hereinafter collectively referred to as the "Answer."

6. Claimant has not filed any other claims or responsive pleadings in the above-captioned civil forfeiture action, either in her individual capacity or in a representative capacity for another individual or entity.

7. The Parties are not aware of any other potential claimants in the above-captioned civil forfeiture action, and the statutory time period for a potential claimant to file a claim has expired.

8. The Parties agree to resolve the above-captioned civil judicial forfeiture action consistent with the sound policy favoring settlement of legal disputes without resort to unnecessary litigation.

9. In her Verified Claim, Claimant purported to be an owner of Hudson Asset Holding Corp. and, in her capacity of owner of Hudson Asset Holding Corp., Claimant asserted an interest in the Hudson JPMC Acct 9900, Hudson JPMC Acct 4413, and the Cresskill Property.

10. The Parties agree that Claimant is the only living potential owner, corporate officer or shareholder of Hudson Asset Holding Corp.

11. Claimant agrees to sign this stipulation in her individual capacity and in her capacity as president and sole living shareholder of Hudson Asset Holding Corp.

12. As set forth in the Complaint, approximately $210,517.24 was seized from Hee Ah Nam TD Acct 1237. See Complaint, ¶ 75 and p. 38, Table III.

13. The Parties agree that $110,000.00 (one hundred and ten thousand dollars and no cents) of the funds seized from defendant *in rem* Hee Ah Nam TD Acct 1237 shall be returned to Claimant as soon as practical and the remaining $100,517.24 of the funds seized from defendant *in rem* Hee Ah Nam TD Acct 1237 shall be treated as a substitute *res* in this civil forfeiture action and forfeited to the United States.

14. Claimant understands that the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, requires the United States Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent

non-tax debts owed to the United States, or delinquent debts owed to states, including past-due child support enforced by states. The release of funds set forth in this Stipulation is expressly conditioned on the Claimant's provision of her Social Security Number, Taxpayer Identification Number, and any other information required to determine if an offset is necessary. (If the Claimant believes that the funds released under this Stipulation may be subject to an offset, Claimant may contact the Department of the Treasury at 1-800-304-3107). If an offset is made, the Claimant will receive a notification from the Department of the Treasury at the last address provided by the debtor to the creditor.

15. Claimant hereby withdraws her Verified Claim (ECF Nos. 7 and 8) and Answer (ECF Nos. 9 and 10) as to the following Defendant Properties:

    a. The Cresskill Property (the full legal description for which real property is set forth in Exhibit 1 to this Stipulation);

    b. The contents of an account at TD Bank ending in 2483 in the name of Hee Ah Nam;

    c. Approximately $100,517.24 seized from an account at TD Bank ending in 1237 in the name of Hee Ah Nam;

    d. The contents of an account at Bank of America ending in 6030 in the name of Hee Ah Nam;

    e. The contents of an account at Bank of America ending in 6043 in the name of Hee Ah Nam;

  f. The contents of an account at JP Morgan Chase ending in 9900 in the name of Hudson Asset Holding Corp.;

  g. The contents of an account at JP Morgan Chase ending in 4413 in the name of Hudson Asset Holding Corp; and

  h. The contents of an account at TD Ameritrade ending in 2857 in the name of Hee Ah Nam.

(hereinafter collectively referred to as the "Released Properties").

 16. Other than to enforce her rights under this Stipulation, the Claimant waives any legal or equitable claim she may have to any of the Released Properties, and will not assert any claim in the proceedings to forfeit these assets or take any legal or other action to attempt to assert any interest in the Released Properties, or otherwise prevent the transfer of title of the Released Properties to the United States Government.

 17. Other than to enforce her rights under this Stipulation, Claimant waives notice of all forfeiture proceedings with respect to the Released Properties and waives any and all defenses to such proceedings that may be asserted, including, but not limited to, "innocent owner" and constitutional defenses, and agree that judgment may immediately be entered against the Released Properties.

 18. Claimant agrees that she will not object to the entry of the Final Order of Forfeiture or file a petition in an ancillary proceeding as to the Released Properties; file a claim, statement of interest or petition (including but not limited to a petition for remission or mitigation); or otherwise contest the

7

administrative or judicial forfeiture of the Released Properties in any proceeding under the U.S. asset forfeiture laws, nor will she assist a third party in doing so, including any relatives (by blood or marriage and of any degree) of her deceased husband Jae Choi.

19.  Claimant agrees to take all requested steps within Claimant's ability and control to surrender Claimant's interest in the Released Properties to the United States, including, but not limited to, surrendering title, signing a consent decree of forfeiture, signing any other documents necessary to effectuate such transfers, and consenting to any criminal forfeiture action that may be brought against these assets pursuant to any civil forfeiture statute.

20.  Claimant hereby waives any claim against the United States or its agents and employees in connection with the United States' seizure or restraint of any of the Defendant Properties (including, but not limited to, the Released Properties), including, but not limited to, any claim that the United States did not have probable cause to restrain the Defendant Properties.

21.  Claimant agrees to hold harmless the United States and any and all of the United States' agents and employees from any and all third-party claims against the Defendant Properties in connection with this action, including but not limited to any claim of ownership of those assets.

22.  Claimant enters into this Stipulation upon her own free will and agrees that she has not been coerced in any way into signing this Stipulation.

23.  Claimant acknowledges that she has had a full and fair opportunity to discuss this Stipulation with her counsel of record in this civil

forfeiture action.

24. Claimant withdraws and relinquishes any claim under the U.S. asset forfeiture laws that she has or may have, on any legal, factual or other basis, in any manner or forum, to the Defendant Properties.

25. Claimant acknowledges that she understands every paragraph and clause in this Stipulation and the consequences thereof.

26. The Parties agree to bear their own expenses, costs and attorneys' fees incurred at any stage of this action, either administrative or judicial, against the Defendant Properties.

27. The Parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation.

28. This Stipulation may be executed in counterparts, each of which will be deemed an original, and all of which, when taken together, will be deemed the complete Agreement.

29. The Parties agree that the Court will have exclusive jurisdiction over the interpretation and enforcement of this Stipulation.

30. This Stipulation constitutes the complete agreement between the Parties and may not be amended except by written consent of the Parties.

VIKAS KHANNA
Acting United States Attorney

By: _____          Dated: 01/10/2025 _____
Peter A. Laserna
Assistant United States Attorney

LAW OFFICES OF JOSEPH R. DONAHUE
*Counsel for Claimant Hee Ah Nam*

By: _____    Dated: 1/10/25
Joseph R. Donahue, Esq.

_____    Dated: 1/10/25
HEE AH NAM, Individually and
On behalf of Hudson Asset Holding Corp.