VIKAS KHANNA
ACTING UNITED STATES ATTORNEY
BY: PETER A. LASERNA
ASSISTANT UNITED STATES ATTORNEY
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL: 973-645-2700
PETER.LASERNA@USDOJ.GOV

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael E. Farbiarz |
| v. | : | Civil Action No. 24-5863 |
| THE CONTENTS OF THE FOLLOWING ACCOUNTS: | : | DECLARATION OF PETER A. LASERNA IN SUPPORT OF THE UNITED STATES' REQUEST FOR A DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE |
| JP MORGAN CHASE ACCOUNT ENDING IN 9483 IN THE NAME OF JAE CHOI ATTORNEY TRUST ACCOUNT, *et al.*, | : : : | |
| Defendants *in rem*. | : | |

PETER A. LASERNA, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am an Assistant United States Attorney and I represent the United States of America in this action. I make the following statements based on a review of the files maintained by the United States Attorney's Office for the District of New Jersey. This Declaration is submitted in support of the plaintiff's request for entry of a default judgment and final order of forfeiture in the above-captioned civil forfeiture action.

2. On or about May 6, 2024, the United States filed a Verified Complaint for Forfeiture *In Rem* (ECF No. 1, the "Verified Complaint") in the United States District Court for the District of New Jersey against the following properties:

a. The contents of an account at JP Morgan Chase ending in 9483 in the name of Jae Choi Attorney Trust Account;

b. The contents of an account at Bank of America ending in 4685 in the name of Smart Learning, Inc.;

c. The contents of an account at JP Morgan Chase ending in 0711 in the name of Hee Ah Nam;

d. The contents of an account at TD Bank ending in 2483 in the name of Hee Ah Nam;

e. The contents of an account at TD Bank ending in 1237 in the name of Hee Ah Nam;

f. The contents of an account at Bank of America ending in 6030 in the name of Hee Ah Nam;

g. The contents of an account at Bank of America ending in 6043 in the name of Hee Ah Nam;

h. The contents of an account at JP Morgan Chase ending in 9900 in the name of Hudson Asset Holding Corp;

i. The contents of an account at JP Morgan Chase ending in 4413 in the name of Hudson Asset Holding Corp;

j. The contents of an account at JP Morgan Chase ending in 0353 in the name of Virtua Education, Inc.;

k. The contents of an account at JP Morgan Chase ending in 4827 in the name of Virtua Education, Inc.;

l. The contents of an account at TD Ameritrade ending in 2857 in the name of Hee Ah Nam; and

m. The real property located at 125 13th Street, Cresskill, New Jersey

(hereinafter referred to collectively as the "Defendant Properties"). The Verified Complaint alleged that the Defendant Properties are subject to forfeiture, pursuant to: (1) 18 U.S.C. § 981(a)(1)(C), as property constituting, or derived from, proceeds traceable to violations of 18 U.S.C. §§ 1344 and 1014; and (2) 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957.

3. On or about May 8, 2024, the United States filed a Notice of Forfeiture (ECF No. 4, the "Notice of Forfeiture"). The Notice of Forfeiture stated that any person who wished to assert an interest in and avoid forfeiture of the Defendant Properties was required to file a verified claim with the Clerk of the Court no later than 35 days from the date the notice was sent; within 60 days from the first day of publication of notice on the government internet site www.forfeiture.gov; or within the time period that the Court allowed, provided that any request for an extension of time from the Court was made prior to the expiration of the time within which the person is required to file such verified claim. The Notice of Forfeiture also detailed the procedure for filing a claim and answer.

4. On or about May 29, 2024, the United States sent copies of the Notice of Forfeiture and the Verified Complaint by Federal Express to the below-listed entities:

    a. Virtua Education, Inc.;

    b. Smart Learning Inc.; and

    c. Hudson Asset Holding Corp.

(*See* ECF No. 11, Declaration of Jaclyn N. Wyrwas Regarding Direct Notice; ECF No. 16-1, Supplemental Declaration of Jaclyn N. Wyrwas Regarding Direct Notice).

5. On or about June 20, 2024, the United States sent copies of the Notice of Forfeiture and the Verified Complaint by Federal Express and electronic mail to Hee Ah Nam a/k/a Iris Choi, c/o Joseph R. Donahue, Esq. (*See* ECF No. 11, Declaration of Jaclyn N. Wyrwas Regarding Direct Notice).

6. On or about July 25, 2024, Hee Ah Nam filed a Claim and Petition of Hee Ah Nam (ECF Nos. 7 and 8) to the following Defendant Properties:

   a. The real property located at 125 13th Street, Cresskill, New Jersey;

   b. The contents of TD Bank Account Ending in 2483 in the name of Hee Ah Nam;

   c. The contents of TD Bank Account Ending in 1237 in the name of Hee Ah Nam;

   d. The contents of Bank of America Account Ending in 6030 in the name of Hee Ah Nam;

   e. The contents of Bank of America Account Ending in 6043 in the name of Hee Ah Nam;

   f. The contents of JPMorgan Chase Account Ending in 9900 in the name of Hudson Asset Holding Corp.;

   g. The contents of JPMorgan Chase Account Ending in 4413 in the name of Hudson Asset Holding Corp.; and

   h. The contents of TD Ameritrade Account Ending in 2857 in the name of Hee Ah Nam.

7. On or about August 15, 2024, Hee Ah Nam filed an Answer and Defenses of Claimant Hee Ah Nam to the Verified Complaint (ECF Nos. 9 & 10).

8. On or about January 10, 2025, counsel for the United States of America filed a Stipulation between the United States of America and Claimant Hee Ah Nam (ECF No. 30-2, hereinafter the "Stipulation With Claimant Nam").

9. Pursuant to the Stipulation With Claimant Nam, $110,000.00 of the funds seized from an account at TD Bank ending in 1237 in the name of Hee Ah Nam shall be returned to Hee Ah Nam and the remaining $100,517.24 of the funds seized from an account at TD Bank ending in 1237 in the name of Hee Ah Nam shall be treated as a substitute res in this civil forfeiture action and forfeited to the United States. (*See* ECF No. 30-2, Stipulation With Claimant Nam, at ¶ 13).

10. Also pursuant to paragraph 15 of the Stipulation With Claimant Nam, Claimant Nam withdrew her Verified Claim (ECF Nos. 7 and 8) and Answer (ECF Nos. 9 and 10) as to the following Defendant Properties:

   a. The real property located at 125 13th Street, Cresskill, New Jersey;

   b. The contents of TD Bank Account Ending in 2483 in the name of Hee Ah Nam;

   c. Approximately $100,517.24 seized from an account at TD Bank ending in 1237 in the name of Hee Ah Nam;

   d. The contents of Bank of America Account Ending in 6030 in the name of Hee Ah Nam;

   e. The contents of Bank of America Account Ending in 6043 in the name of Hee Ah Nam;

   f. The contents of JPMorgan Chase Account Ending in 9900 in the name of Hudson Asset Holding Corp.;

   g. The contents of JPMorgan Chase Account Ending in 4413 in the name of Hudson Asset Holding Corp.; and

   h. The contents of TD Ameritrade Account Ending in 2857 in the name of Hee Ah Nam.

11. Accordingly, there is no pending claim or answer, as required under Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions of the Federal Rules of Civil Procedure, as to the following Defendant Properties:

    a. The contents of an account at JP Morgan Chase ending in 9483 in the name of Jae Choi Attorney Trust Account;

    b. The contents of an account at Bank of America ending in 4685 in the name of Smart Learning, Inc.;

    c. The contents of an account at JP Morgan Chase ending in 0711 in the name of Hee Ah Nam;

    d. The contents of an account at TD Bank ending in 2483 in the name of Hee Ah Nam;

    e. Approximately $100,517.24 seized from an account at TD Bank ending in 1237 in the name of Hee Ah Nam;

    f. The contents of an account at Bank of America ending in 6030 in the name of Hee Ah Nam;

    g. The contents of an account at Bank of America ending in 6043 in the name of Hee Ah Nam;

    h. The contents of an account at JP Morgan Chase ending in 9900 in the name of Hudson Asset Holding Corp;

    i. The contents of an account at JP Morgan Chase ending in 4413 in the name of Hudson Asset Holding Corp;

    j. The contents of an account at JP Morgan Chase ending in 0353 in the name of Virtua Education, Inc.;

    k. The contents of an account at JP Morgan Chase ending in 4827 in the name of Virtua Education, Inc.;

    l. The contents of an account at TD Ameritrade ending in 2857 in the name of Hee Ah Nam; and

    m. The real property located at 125 13th Street, Cresskill, New Jersey

(collectively, the "Forfeitable Property").

12. The United States posted notice of this forfeiture action on an official government internet site, http://www.forfeiture.gov, beginning on May 25, 2024, and running for 30 consecutive days, through June 23, 2024, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (ECF No. 6, Declaration of Publication).

13. On or about June 12, 2024, the Internal Revenue Service Criminal Investigation posted the Verified Complaint and the Notice of Forfeiture on the defendant real property located at 125 13th Street, Cresskill, New Jersey, in accordance with 18 U.S.C. § 985(c)(1)(B) (ECF No. 5, Process Receipt and Return).

14. No other claims or answers were filed or made in this action, no other parties have appeared to contest the action to date, and the statutory time periods in which to do so have expired. *See* Supplemental Rules G(4)(b)(ii) and G(5)(a) and 18 U.S.C. § 983(a)(4).

15. On January 24, 2025, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the United States filed a request for entry of a default by the Clerk of the Court (ECF No. 32).

16. On January 27, 2025, the Clerk entered a default against the Forfeitable Property.

17. Upon information and belief, none of the individuals or entities who received individual notice, or who were required to receive individual notice of the filing of the Verified Complaint, is in the military service of the United States or is an infant or an incompetent person.

18.     I know of no reason why a Default Judgment and Final Order of Forfeiture should not be entered against the Forfeitable Property.

I declare until penalty of perjury that the foregoing is true and correct.

Dated:  January 27, 2025
        Newark, New Jersey

                                        *s/Peter A. Laserna*
                                        PETER A. LASERNA
                                        Assistant United States Attorney